UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------X
: Chapter 15
In re:
: Case No. 4:15-BK-32041
RIZZO BOTTIGLIERI-DE CARLINI
ARMATORI S.P.A.,
:
    Debtor in Foreign Proceeding
:
---------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION

**COMES NOW**, Giuseppe Mauro Rizzo, in his capacity as director and duly authorized foreign representative ("**Foreign Representative**" or "**Petitioner**") of Rizzo Bottiglieri-De Carlini Armatori S.p.A. ("**RBDA**") in the company's proceeding *Concordato Preventivo* (the "**Italian Proceeding**"), pursuant to Section 160 of R.D. 267/1942 Italian Insolvency Law, as amended, pending before the Court of Torre Annunziata, by its United States counsel, CHALOS & CO, P.C., and files this Memorandum of Law in support of the Verified Petition for Recognition of Foreign Proceeding and Related Relief (the "**Petition**"), dated April 8, 2015. In support thereof, Petitioner would respectfully show as follows.

### PRELIMINARY STATEMENT

Chapter 15 of 11 U.S.C. §§ 1501-1532 (the "Bankruptcy Code") authorizes this Court to recognize a foreign main proceeding (as defined in section 1502(4)) upon the commencement of a Chapter 15 case pursuant to sections 1504, 1515, and 1517 by the Foreign Representative. As described herein, the Verified Petition has satisfied all of the statutory requirements under the Bankruptcy Code necessary for an order recognizing RBDA's voluntary reorganization in Italy,

1

as a foreign main proceeding under Chapter 15. Petitioner's application is consistent with the goals of Chapter 15 to foster international cooperation and assistance to foreign courts. It is respectfully submitted that pursuant to Section 1517(a) of the Bankruptcy Code, this Court should enter the proposed order recognizing RBDA's Italian proceeding as a foreign main proceeding under Chapter 15.

## FACTS

The pertinent facts supporting the grounds for recognition of the Italian Proceedings as a foreign main proceeding are set forth in full in the Verified Petition, filed contemporaneously with the Official Form Voluntary Petition on April 8, 2015, and the accompanying declaration of attorney Michele Sandulli are incorporated by reference as if fully set forth herein.

## ARGUMENT

I.  THE RELIEF REQUESTED SHOULD BE GRANTED

Under section 1517(a) of the Bankruptcy Code, an order recognizing a foreign proceeding "shall be entered" if all of the requirements for recognition have been met. As the legislative history to Chapter 15 indicates, "[t]he requirements of [section 1517], which incorporates the definition in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition." H.R. REP. 109-31, pt. 1 (2005). Petitioner has filed a valid Verified Petition, along with each of the other documents required by section 1515 of the Bankruptcy Code. In addition, as demonstrated in the Verified Petition and the supporting documents filed in connection therewith, RBDA is currently in the process of reorganization in Italy, the *Concordato Preventivo*; Petitioner has been duly appointed under Italian law to take all necessary steps to administer the reorganization of RBDA's assets. Accordingly, as the requirements of section 1517(a) have been satisfied, it is respectfully submitted that this Court

should enter the proposed order recognizing the Italian Proceeding as a foreign main proceeding under section 1517(b)(1). *See* Sandulli Declaration, ¶¶ 19-22.

### A. The Case Concerns a Foreign Proceeding

Section 101(23) of the Bankruptcy Code defines a "foreign proceeding," in pertinent part, as: a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation. *See* 11 U.S.C. § 101(23).

Here, RBDA's pending Italian Proceeding qualifies as a foreign proceeding under section 101(23). *See* Sandulli Declaration, ¶¶ 6-18. The Italian Proceedings, the *Concordato Preventivo*, are similar to the Bankruptcy Code's Chapter 11 "debtor-in-possession" restructuring. RBDA while under the supervision and control of the Italian Court, maintains its day-to-day operations in order to administer its assets and exercise its business in the normal course. *Id.*, at ¶¶ 16-17. RBDA will prepare and submit a restructuring plan for approval by the creditors and the Italian Court. *Id.*, at ¶¶ 12-15. As such, the Italian Proceeding falls squarely within the definition of "foreign proceeding" contained in section 101(23).

### B. This Case was Commenced by a "Foreign Representative"

This Chapter 15 case was commenced by a Foreign Representative, in his capacity as the representative director and a "foreign representative" of RBDA within the meaning of section 101(24) of the Bankruptcy Code. That section defines a "foreign representative," in pertinent part, as a "person or body . . . authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). In the instant matter, the Petitioner was appointed by the

RBDA Board of Directors to be responsible for, *inter alia*, locating protecting and preserving RBDA's assets and property, carrying out investigations respecting the affairs of the company, and administering the reorganization of the company under the laws of Italy.  Accordingly, Mr. Giuseppe Rizzo is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code and is therefore entitled to commence this case under Chapter 15 of the Bankruptcy Code. *See Ad Hoc Group of Vitro Noteholders v. Vitro SAB De CV* (*In re Vitro SAB De CV*), 701 F.3d 1031, 1045-49 (5th Cir. 2012); *see also* Sandulli Declaration, ¶ 20.

## II.   THE FOREIGN PROCEEDING SHOULD BE RECOGNIZED AS A FOREIGN MAIN PROCEEDING

The Foreign Representative duly and properly commenced the Chapter 15 Case, as required by sections 1504 and 1509 of the Bankruptcy Code, by filing the Chapter 15 Petition for recognition of a foreign proceeding under section 1515(a) accompanied by all documents and information required by section 1515(b) and (c). *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code."). Because the Foreign Representative has satisfied the requirements set forth in section 1515 of the Bankruptcy Code, it has properly commenced this Chapter 15 Case.

The Court should recognize the Italian Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.  The Bankruptcy Code provides that a foreign proceeding for which Chapter 15 recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has its center of main interests. 11 U.S.C. § 1517(b)(1).  While the Bankruptcy Code does not define "center of main interests," it does provide that absent evidence to the contrary, the location of the debtor's registered office is

presumed to be the center of the debtor's main interests.  11 U.S.C. § 1516(c); *In re Betcorp Limited*, 400 B.R. 266 (Bankr. D. Nev. 2009); *In re Tradex Swiss AG*, 384 B.R. 34, 43 (Bankr. D. Mass. 2008); *In re Artimm, Srl*, 335 B.R. 149, 159 (Bankr. C.D. Cal. 2005) (noting that debtor's center of main interests and registered office were in Italy, where the primary insolvency proceedings were pending).

## **CONCLUSION**

For the foregoing reasons, the Petitioner respectfully requests that this Court (i) enter an order recognizing RBDA's reorganization proceeding pending in Italy as a foreign main proceeding under section 1517 of the Bankruptcy Code; (ii) granting the relief requested in the Petition; and (iii) granting such other and further relief as may be just and proper.

Dated: April 8, 2015
      Houston, Texas               CHALOS & CO, P.C.

By: /s/ George M. Chalos
George M. Chalos (GC-8693)
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

-and-

Briton P. Sparkman (BS-5220)
Chalos & Co, P.C.
7210 Tickner Street
Houston, Texas 77055
Tel: (713) 574-9454
Fax: (866) 702-4577
Email: bsparkman@chaloslaw.com

*Attorneys for Mr. Giuseppe Mauro Rizzo, as Foreign Representative*