UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------X
                                                         :   Chapter 15

In re:

                                                         :   Case No. 15-BK-_____

RIZZO BOTTIGLIERI-DE CARLINI
ARMATORI S.P.A.,

         Debtor in Foreign Proceeding

------------------------------------------------------------X

### DECLARATION OF MICHELE SANDULLI IN SUPPORT OF
### PETITION FOR RECOGNITION OF FOREIGN PROCEEDING

I, Michele Sandulli, pursuant to 28 U.S.C. § 1746[1], hereby declare as follows:

1.    I am an attorney licensed to practice law in Italy, and have been since 1967. I am the founder of the Italian law firm Sandulli&Associati Studio Legale with its offices in Naples, Rome, Milan and Avellino, counsel to Rizzo-Bottiglieri-De Carlini Armatori S.p.A. ("RBDA"), among other matters, in a proceeding (the "Italian Proceeding"), in which an application for *Concordato Preventivo* was filed by RBDA pursuant to the Section 161, sixth paragraph, of the Italian Bankruptcy Law before the Court of Torre Annunziata giving the rise to the proceeding of reorganization I shall refer to below. In particular, on February 3, 2015, the above-mentioned

---

[1] § 1746. Unsworn declarations under penalty of perjury

"*Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:*

*(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".*

*(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).*

1



petition for Concordato Preventivo was filed before the competent Italian Court and, according to the Italian Bankruptcy Law, Mr. Giuseppe Mauro Rizzo, currently RBDA managing director, is vested, pending the proceeding, with necessary powers to administer RBDA, including but not limited to, acting as RBDA's foreign representative in this Chapter 15 case (the "Foreign Representative") although there are restrictions which I shall refer to below as to the "partial divestment" entailed by the Italian Proceeding.

2. I graduated with honours in Jurisprudence from the Federico II University of Naples in 1964 and enrolled as a member of the Bar Association of Naples in 1967. As full professor of "*diritto commerciale*" (business, corporate and bankruptcy law) with Federico II University of Naples and University of Roma III, I have been focusing on corporate and bankruptcy law for more than forty years and published several research monographs (e.g. *Gli atti a titolo gratuito nella revocatoria fallimentare*; *Gratuità dell'attribuzione e revocatoria fallimentare*; *L'Amministrazione straordinaria delle imprese in crisi*) and reviews' articles in the field of company, bankruptcy law, banking and commercial contracts law. In addition I supervised (with A. Nigro and V. Santoro) and wrote several chapters of the *Commentary to the Reform of the Italian Bankruptcy Law* (Turin, editor Giappichelli, 2010) and of the *Commentary to the Reform of the Italian Corporate Law* (Turin, editor Giappichelli, 2006).

3. As insolvency practitioner, I have been appointed several times by Bankruptcy Court of Naples, Benevento, Avellino, L'Aquila, as liquidator, commissioner, receiver and insolvency representative in the widest Italian bankruptcy proceedings (involving domestic companies as Stelio Merolla S.p.A., Italgrani S.p.A., Polo della Qualità). Furthermore, as attorney at law and jurist, I focus on commercial and corporate matters and work on cases including large scale complex



litigation and arbitrations, acting on behalf of a wide range of domestic companies. In light of the foregoing, I am conversant with Italian law and, in particular, bankruptcy matters.

4. This declaration is respectfully submitted in support of the Verified Petition for Recognition of Foreign Proceeding and Related Relief filed by the Foreign Representative, seeking, among other things, recognition by this U.S. Bankruptcy Court of the Italian Proceeding as a "foreign main proceeding" under chapter 15 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

5. This declaration contains matters that are statements of legal opinion and/or statements of fact. Legal opinion is limited to the laws of the Republic of Italy as at the date hereof and as currently applied by the courts of the Republic of Italy and is given on the basis that it will be governed by and construed in accordance with the laws of the Republic of Italy. Where "Italian Bankruptcy Law" is mentioned in this legal opinion, reference is made to Royal Decree no. 267/1942 as amended and supplemented by the Act of Parliament dated 7 August 2012 n. 134 (also commonly called "Development Decree"). Where the matters stated in this declaration are statements of legal opinion

regarding the interaction of Italian law and U.S. law, such statements about U.S. law are derived from information supplied to me by United States counsel to the Foreign Representative, Mr. George M. Chalos of Chalos & Co, P.C.. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from information supplied to me by or on behalf of RBDA and are true to the best of my knowledge, information, and belief. If called upon to testify, I could and would testify competently to the matters set forth in this declaration.

**Application for *Concordato Preventivo* under Section 161, paragraph sixth, of the Bankruptcy Law by RBDA**

6. "*Rizzo – Bottiglieri - De Carlini Armatori S.p.A.*", a company incorporated under Italian law with registered office in Torre del Greco (Naples) Viale Olivella 10 (also the "**Debtor**"), filed an application before the Court of Torre Annunziata (Italy) for *Concordato Preventivo* pursuant to Section 161, sixth paragraph, of the Bankruptcy Law ("**Concordato Preventivo**") on February 3, 2015.

7. On February 12, 2015, the Court of Torre Annunziata opened the proceeding.

8. RBDA previously submitted a petition for Concordato Preventivo pursuant to the Section 161, sixth paragraph, of the Italian Bankruptcy Law on October 23, 2012; in that circumstance, the bankruptcy protection allowed RBDA to enforce some industrial and financial measures according to the reorganization plan drawn up at that time; as a result, on June 19, 2013, the debtor RBDA obtained, by the same Court, an order of approval of the Indebtedness Restructuring Agreement that, in the meantime, had been agreed upon by its financial creditors.

9. According to the Sections 160 through 186 *bis* of the Italian Bankruptcy Law, *Concordato Preventivo* is a proceeding by which an entrepreneur, facing financial difficulties or insolvency, may seek to reach an arrangement with creditors and/or to reorganize its debt exposure.

10. Application for *Concordato Preventivo* is a complex petition which implies that undertakings are ready to submit to the Court a well-defined restructuring or winding up plan.

11. On September 12, 2012, the Development Decree come into force and amended and supplemented the Section 161 adding new paragraphs and introducing a different, simplified[2] and

---

[2] The last reform of the Italian Bankruptcy Law is in keeping with the European evolution of National bankruptcy law. *See* the last reform of the German Insolvenzordnung (Gesetz zur weiteren Erleichterung der Sanierung von Unternehmen – ESUG into effect on March 1, 2012)

4

faster way of opening *Concordato Preventivo*. For purpose of clarification for the Court, I set out below the relevant new content of the Section 161.

> *Section 161 – Application for concordato*
>
> 1. The petition for admission to concordato preventivo proceeding is filed by way of application, signed by the debtor, before the Court of the place where the debtor has its main office; any transfer thereof occurred during the year prior to the filing of application has no relevance with reference to the identification of the competent Court.
>
> 2. Along with application, the debtor is to submit the following:
>
>> a) an updated report on the patrimonial, economic and financial situation;
>>
>> b) an analytical estimate of the activities and a list of denominations of creditors with an indication of their claims and any rights of priority;
>>
>> c) a list of holders of personal and in rem rights upon assets owned by or in possession of the debtor;
>>
>> d) the value of the assets and any individual creditors of partners having unlimited liabilities;
>>
>> e) a plan containing an analytical description of the methods and timescales of performance.
>
> 3. The plan and the documents referred to under the above paragraphs shall be accompanied by a report of a professional counsel appointed by the debtor meeting the requirements sub Section 67, third paragraph, letter d), certifying authenticity and feasibility of the plan itself. (...)
>
> 4. (...)
>
> 5. The application for arrangement is conveyed to the public prosecutor and it published, upon registrar's initiative, in the Enterprise's Registry by the day following its filing with the court.
>
> 6. The entrepreneur may submit an application containing the request for arrangement along with (i) the balance sheets for the past three years, (ii) the list of denominations of creditors with an indication of their claims, reserving the right to submit the proposal, the plan and the documents referred to under the above second and third paragraphs, within a deadline set by the court, and however between 60 and 120 which can be prorogated only once for the justified reasons and however non later than 60 days. By the same time, as an alternative and however maintaining the same effects of the filing of application till the approval of the concordato, the debtor may file an application under the Section 182 bis, first paragraph. Failing that, the Section 162, second and third paragraph shall apply (...). By a reasoned decree, whereby the term referred to under the above first period is granted, the Court may appoint the Judicial Commissioner according to the Section 163, second paragraph, no. 3; the Section 170, second paragraph, shall apply. The Judicial Commissioner, when detecting that the debtor pursued one of those actions provided for under the Section 173, has to promptly report to the Court (...).

5

*7. Following the filing of the application and until the decree referred to in the Section 163 is issued, the debtor can only carry out acts of extraordinary administrations upon previous authorization by the Court which can assume summary information. During the same period and with effects from the same date, the debtor can carry out the acts of ordinary administration. Any claim from third parties which may arise as a result of the acts lawfully carried out by the debtor are pre-deductible under the Section 111.*

*8. By the decree granting the term referred to in the above paragraph sixth, first period, the Court has to order recurrent information duties, also related to the financial management of the enterprise, that the debtor shall comply with, on monthly basis and under the control of the Judicial Commissioner, if any, by the expiry of the time limit (...). Failing to do so, the Section 162, second and third paragraphs shall apply.*

*9. The application referred to in the paragraph six is inadmissible when the debtor, in the previous two years, has already filed another application pursuant to the above paragraph which was not followed by admission to the composition procedure or approval of the indebtedness restructuring agreement.*

*10. (...)*

12. The above been given, pursuant to the Section 161, sixth paragraph, of the Italian Bankruptcy Law, indeed, undertakings may also lodge a simplified application (along with the relevant documentation) (hereinafter "**Simplified *Concordato***") and reserve the faculty to submit, later on at a second stage, further elements such as proposal of arrangement with all the creditors or, as alternative way of reorganization, an indebtedness restructuring agreement with the creditors representing at least the 60% of the overall indebtedness pursuant to the Section 182 *bis* (**Indebtedness Restructuring**). In case a Simplified *Concordato* application is filed, the proposal of arrangement or the indebtedness restructuring agreement are to the submitted within a short deadline granted by the Court (by 60-120 days extendable by no more than 60 days in presence of justified reasons and however only once).

13. RBDA filed a petition pursuant the Section 161, sixth paragraph, of the Bankruptcy Law and that the Court of Torre Annunziata granted RBD 60 (sixty) days as of the date of receipt for filing the proposal, the plan and further documentation or as alternative an Indebtedness Restructuring, assuming:

(a) its competence over the matter;
(b) the filing, by RBDA, of the balance sheets pertaining to the last three financial years and all the necessary documentation;
(c) that the Debtor is subject to the Italian Bankruptcy Law; and
(d) the fulfillment of other requirements provided for by the Section 152 of the Bankruptcy Law.

The Court, among other things, appointed Mr. Vincenzo Ruggiero as Judicial Commissioner supervising the debtor and reporting to the Court, ordered the debtor to file, on monthly basis, an informative and explicative report over the management of the Company as well as a financial statement that could be available with the Italian Registry of Enterprises.

14. The Bankruptcy Court also appointed the Judicial Commissioner, Mr. Vincenzo Ruggiero. Consequently, according to the Section 161, sixth of the Bankruptcy Law, the decree handed down by the Court of Torre Annunziata enables RBDA to file, the proposal for *Concordato Preventivo*, the plan and the documentation or, as the case may be, upon Debtor's discretionary decision, an Indebtedness Restructuring.

15. For the purposes of notice to third parties, pursuant to Section 161, fifth paragraph, of the Italian Bankruptcy Law, the news that application for Simplified *Concordato* had been filed was promptly reported in the Enterprises' Registry by the Registrar within the day after the application is filed. As matter of fact, I examined the excerpt from the Enterprises Registry and it refers to the no 3218 of the General Register dated February 4, 2015 where information about the application is made public. A copy is attached hereto as **Exhibit 1** (please see page 9 out of 68).

**Effects connected with the application for Simplified *Concordato*: partial divestment, information duties, protection from actions brought by creditors and other effects concerning the debtor's asset.**

16. In order to fully understand the importance of the decree provided for under the Section 161, sixth paragraph, as to the opening of the proceeding of Simplified *Concordato*, I set out below the effect that are connected with the said decree.

7

a. <u>Partial divestment</u>: pursuant to the Section 161, seventh paragraph, of the Italian Bankruptcy Law, as of the date of filing the application, the debtor can carry out urgent extraordinary operations (such as settlements, financing agreements, loans, disposal of assets etc.) only by virtue of a previous authorization issued by the Court. The latter grants the said authorization only upon the ascertainment of urgency connected with the extraordinary act. This is a remarkable evidence[3] of the restriction the debtor suffers from pending the *Concordato* proceeding. Should the debtor pursue such a transaction without the Court's authorization, it would be deemed void under the Italian law and could even lead to revocation of the admission to *Concordato* under the Section 173 of the Law. On the other hand, the debtor, being partially divested of its management capacity, is allowed to run the business on daily basis under the Section 161, seventh paragraph, and 167, first paragraph, of the Italian Bankruptcy Law. In addition, the partial divestment (and the consequent supervision assigned to the Court even through the Judicial Commissioner) are further confirmed by other provisions of the Italian Bankruptcy Law: a) Section 169 *bis* which grants the Court, as supervisor and administrator, the power to authorize the debtor to suspend or terminate pending contracts with third parties; b) Section 182 *quinquies* which restricts the debtor's capacity to enter into new financing agreements unless otherwise authorized by the Court.

b. <u>Information duties and the breach thereof</u>: the debtor, pending Simplified *Concordato* proceeding, can pursue ordinary operations under the Court's control and supervision. Pursuant to the Section 161, paragraph eighth, of the Italian Bankruptcy

---

[3] *See* the Honourable F. LAMANNA, *La problematica relazione tra preconcordato e concordato con continuità aziendale alla luce delle speciali autorizzazioni del tribunale*, in www.ilfallimentarista.it, November 26, 2012. F. Lamanna is President of the first instance Bankruptcy Court of Milan.

8

Law, the Court has to establish a recurrent duty of information as to all the aspects of the business and, in particular, with respect to management of company's financial resources; debtor/applicant is bound to comply with the aforementioned duties, provided that the breach thereof entails the declaration of *Concordato*'s inadmissibility.

c. **Protection from actions:** According to the Section 168, first paragraph, of the Italian Bankruptcy Law as of the date of petition's publication in the Register of Enterprises with the Italian Chamber of Commerce and until the moment when the decree of approval of *Concordato Preventivo* becomes final, creditors cannot, under penalty of nullity, commence or pursue enforcement or precautionary actions against the debtor's asset. To the benefit of creditors who, as consequence of the application for (Simplified) *Concordato*, suffer from restrictions of their rights, running statute of limitations, expected to be interrupted by the aforementioned actions, are suspended and no right's expiration shall apply.

d. **Other effects:** an automatic stay is provided for by the Section 168, last paragraph, of the Italian Bankruptcy Law also with reference to the attempts, by pre-petition competing creditors, to acquire rights of first refusal, unless the Court authorizes the transaction (further effects come into force such as the freezing of accruing interests or the debts falling due). The automatic stay meets the need to separate, and reserve a different treatment to, the (a) claims arisen before the filing of application for *Concordato* and those (b) generated afterward. Only the former indeed are subject to the proceedings and may be satisfied according to the terms and conditions of the



9

reorganization plan whilst the latter must be fully and timely paid and the relevant creditors hold the right to enforce their claim with no restriction.[4]

**In particular: the purposes of protection from enforcement and precautionary actions brought by creditors against the applicant for Simplified *Concordato***

17. In light of the foregoing, it is clear that the effectiveness of application for Simplified *Concordato* is to crystallize and shelter the debtor's asset to the benefit of all the pre-petition creditors.

   a. The debtor partially divested is enabled to further daily business with the view of keeping its activity underway, on the assumption that ordinary operations should not be detrimental to, or undermine, the *par conditio creditorum* and the creditors' expectation to be satisfied under the *Concordato*. On the other hand, the debtor is prevented from pursuing extraordinary transactions, which may lead to the significant disposal of its assets and may disrupt the *par conditio* among pre-petition creditors, frustrating their competing claims. Should it seek to pursue an extraordinary transaction, the Court would authorise it only upon ascertainment of urgency (and the meaning of the said urgency being *"presence of imminent danger to the debtor's asset in case of delay"*).

   b. The creditors are barred from bringing individual (enforcement or precautionary) actions against the debtor's assets as way of enforcing pre-petition claims. As a result, the nullity of any and all enforcement and precautionary actions provided for by the Section 168 of the Bankruptcy Law is absolute and suffer from no exceptions[5] for the following reasons. Should any of the pre-petition creditors commence, pursue or

---

[4] *See* A.NIGRO, D.VATTERMOLI, *Diritto della crisi delle imprese*, Bologna, 2009, page 361. A.Nigro is full professor of *diritto commerciale* -corporate, bankruptcy and business law with "La Sapienza" University of Rome. D. Vattermoli is associate professor of *diritto commerciale* -corporate, bankruptcy and business law with "La Sapienza" University of Rome.

[5] A.NIGRO, D.VATTERMOLI, *Diritto della crisi delle imprese*, Bologna, 2009, page 361

10



otherwise benefit of the effects of the aforementioned actions, it would indeed achieve an advantage that is precluded to all the others claims arisen before the application for *Concordato* or, to be more precise, it would be granted one creditor the privilege to enforce its claim, out of the competition with others pre-petition claims. Should any foreign Court uphold that a precautionary measure is enforceable or otherwise effective under the relevant jurisdiction, it would accordingly disrupt *par conditio creditorum* among the pre-concordato claims as provided for by the Italian Bankruptcy Law.

18. Nullity referred above hits conservative measures, as seizure or arrests of vessels, granted upon creditor's application when the latter fears of losing his chances to recover its claim during the time needed to get a substantive action through.

## Conclusions

19. I have been informed by RDBA United States counsel Mr. George M. Chalos for Chalos & Co, P.C. of the "foreign main proceeding" and "foreign representative" requirements necessary for recognition of a proceeding under Chapter 15 of the Bankruptcy Code. Based upon my experience and understanding of the relevant laws of Italy, it is my opinion that the petition for Simplified Concordato filed by RBDA qualifies as foreign judicial proceeding as outlined by the U.S. Bankruptcy Code. While day-to-day operations remain under the control of RBDA, the assets and affairs of RBDA are subject to the supervision and, to the extent they are urgent and out of ordinary administration, are also subject to the approval by the Court of Torre Annunziata and will remain under such supervision until formal approval of the restructuring plan or a further application for approval of Indebtedness Restructuring Agreement.



20.  Further, based on my experience and understanding of the relevant law of Italy, it is my opinion that Mr. Giuseppe Mauro Rizzo qualifies as a foreign representative and is vested by the Law with proper authority to take all necessary steps to administer the reorganization of RBDA including the authority to commence this Chapter 15 case and seek the provisional relief requested herein.

21.  The schedule for the Italian Proceeding and the case administration, including important events and deadlines will be determined by the Italian Court.

22.  RBDA having filed an application for Simplified *Concordato* and given that the Court of Torre Annunziata handed down the judgment opening the proceeding under Italian jurisdiction, as a matter of Italian law, any existing precautionary measure and/or enforcement is null and, according to the rules and procedures applicable under the relevant jurisdiction, are to be revoked or, as the case may be, cancelled. This Chapter 15 case is filed in an effort to maximize recoveries to, and provide for an equitable arrangement among all creditors. The enjoining of certain litigation to which RBDA is an interested party and the protection of RBDA's assets located in the United States in conjunction with the protections afforded by the Italian Proceeding is essential to this effort and the accomplishment of the above goals.

23.  I declare under the penalty of perjury under the laws of the United States of America, that, based upon my knowledge, information and belief, as set forth herein, the foregoing is true and correct.

Executed this 3 day of April, 2015, in Naples, Italy

avv. prof. Michele Sandulli
Via Agostino Depretis, 51
80133 Napoli

Registro Imprese
Archivio ufficiale della CCIAA
Documento n . T 181430286
estratto dal Registro Imprese in data 01/04/2015

RIZZO-BOTTIGLIERI-DE CARLINI ARMATORI SOCIETA' PER AZIONI DETTA ANCHE BREVEMENTE " RBD ARMATORI S.P.A."
Codice Fiscale 02751631215

CASSA DI RISPARMIO DI FERRARA S.P.A., MEDIOCREDITO ITALIANO S.P.A., BANCO DI NAPOLI S.P.A. E LOAN AGENCY S.R.L..

CON SCRITTURA PRIVATA AUTENTICATA DEL NOTAIO NICOLA CAPUANO DEL 24 APRILE 2013, REP. 131365, RACC. 34628 VIENE SOTTOSCRITTO ACCORDO INTEGRATIVO DI RISTRUTTURAZIONE EX ART. 182 BIS DEL RD 267/1942 TRA LA SOCIETA' RIZZO-BOTTIGLIERI - DE CARLINI ARMATORI S.P.A. E LA BANCA INTESA SANPAOLO S.P.A., LA BANCA MONTE DEI PASCHI DI SIENA S.P.A., MPS CAPITAL SERVICES BANCA PER LE IMPRESE S.P.A., BANCA NAZIONALE DEL LAVORO S.P.A., CENTROBANCA BANCA DI CREDITO FINANZIARIO E MOBILIARE S.P.A., BANCA DELLA CAMPANIA S.P.A., GE CAPITAL INTERBANCA S.P.A., CASSA DI RISPARMIO DI PARMA E DI PIACENZA S.P.A., BANCO POPOLARE S.C.P.A., BANCA SELLA S.P.A., CASSA DI RISPARMIO DI FERRARA S.P.A., MEDIOCREDITO ITALIANO S.P.A., BANCO DI NAPOLI S.P.A., UNICREDIT S.P.A., NONCHE' LOAN AGENCY SERVICES S.R.L..

CON SCRITTURA PRIVATA AUTENTICATA DEL NOTAIO NICOLA CAPUANO DEL 25 APRILE 2013, REP. 131366, RACC. 34629 VIENE SOTTOSCRITTO ACCORDO INTEGRATIVO DELL'ACCORDO DI RISTRUTTURAZIONE EX ART. 182 BIS DEL RD 267/1942 TRA LA SOCIETA' RIZZO-BOTTIGLIERI - DE CARLINI ARMATORI S.P.A. E LA BANCA INTESA SANPAOLO S.P.A., LA BANCA MONTE DEI PASCHI DI SIENA S.P.A., MPS CAPITAL SERVICES BANCA PER LE IMPRESE S.P.A., BANCA NAZIONALE DEL LAVORO S.P.A., CENTROBANCA BANCA DI CREDITO FINANZIARIO E MOBILIARE S.P.A., BANCA DELLA CAMPANIA S.P.A., GE CAPITAL INTERBANCA S.P.A., CASSA DI RISPARMIO DI PARMA E DI PIACENZA S.P.A., BANCO POPOLARE S.C.P.A., BANCA SELLA S.P.A., CASSA DI RISPARMIO DI FERRARA S.P.A., MEDIOCREDITO ITALIANO S.P.A., BANCO DI NAPOLI S.P.A., UNICREDIT S.P.A., NONCHE' LOAN AGENCY SERVICES S.R.L..
IN DATA 26/04/13 E' STATA PRESENTATA, AL TRIBUNALE DI TORRE A.ISTANZA PER 'OMO-LOGAZIONE DI ACCORDO DI RISTRUTTURAZIONE AI SENSI DELL'ART.182 L.F.

CON PROT. 47019/2013 SI DEPOSITA L' ACCORDO DI RISTRUTTURAZIONE DEI DEBITI, ATTO DEPOSITATO DALL'AMMINISTRATORE.

CON PROT.48421/2013 SI DEPOSITA PRESSO LA CANCELLERIA DEL TRIBUNALE DI TORRE ANNUNZIATA DEL 26/04/2011 DELL'ISTANZA DI OMOLOGAZIONE DELL'ACCORDO DI RISTRUTTURAZIONE EX ART 182, COMMA PRIMO LEGGE FALLIMENTARE, ATTO DEPOSITATO DALL'AMMINISTRATORE.
DEPOSITO OMOLOGA ACCORDO DI RISTRUTTURAZIONE DEI DEBITI.

CON DECRETO DEL TRIBUNALE DI TORRE ANNUNZIATA, IN DATA 19.06.2013, IL P.Q.M. OMOLOGA L'ACCORDO DI RISTRUTTURAZIONE OGGETTO DELL'ISTANZA PRESENTATA DALLA SOCIETA' IN RIFERIMENTO ALLA RISTRUTTURAZIONE DEI DEBITI VERSO I CREDITORI.

E' STATO ACQUISITO AL PROT. GEN.N.16746 DEL 24/06/13 IL DECRETO DI OMOLOGA DELL'ACCORDO DI RISTRUTTURAZIONE DEL TRIBUNALE DI NAPOLI SEZ. FALLIMENTARE DEPOSITATO IN CANCELLERIA IN DATA 19/06/2013.

**proposta di concordato**

CON ATTO A ROGITO DEL NOTAIO NICOLA CAPUANO NUMERO DI REP. 134045 E DI RACC. 36346 IN DATA 26 GENNAIO 2015 IL PRESIDENTE DEL CONSIGLIO DI AMMINISTRAZIONE DELIBERA DI AUTORIZZARE IL DEPOSITO ENTRO IL 3 FEBBRAIO 2015, INNANZI AL TRIBUNALE DI TORRE ANNUNZIATA, DI UN RICORSO AI SENSI DELL'ART. 161, COMMA 6, L.FALL., CON RISERVA DI DEPOSITARE SUCCESSIVAMENTE DOMANDA DI OMOLOGAZIONE DI ACCORDO DI RISTRUTTURAZIONE AI SENSI DELL'ART. 182 BIS L.F. O, A SECONDA DEI CASI, ALTRO STRUMENTO DI RISTRUTTURAZIONE AZIENDALE.

**annotazioni di procedure concorsuali**

IL TRIBUNALE DI TORRE ANNUNZIATA HA TRASMESSO,PROT. GEN. CCIAA N. 3218 DEL 04/02/2015,ISTANZA RUBRICATA AL N. 1/2015, AI SENSI DELL'ART. 161,COMMA 6 L.F.,CON LAQUALE LA SOCIETA' CHIEDE DI VOLER FISSARE UN TERMINE PER IL DEPOSITO DELLA PROPOSTA,DEL PIANO E DELLA DOCUMENTAZIONE E CHIEDE DI ESSERE AMMESSA ALLA PROCEDURA DI CONCORDATO PREVENTIVO.