**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

---------------------------------------------------------------X

In re:

RIZZO BOTTIGLIERI-DE CARLINI
ARMATORI S.P.A.,

      Debtor in Foreign Proceeding

---------------------------------------------------------------X

:     Chapter 15

:     Case No. 15-BK-__32041____

     (Judge David R. Jones)

:

:

ENTERED
04/13/2015

# ORDER GRANTING RECOGNITION AND RELIEF
## IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO
## 11 U.S.C. §§ 1504, 1515, 1517 1520 AND 1521

(Docket No. 1)

The Court has considered the Petition and other filings

A hearing having been held before the Court on xxxxxxxxxxxx, 2015 (the "Hearing") to consider the Petition commencing this Chapter 15 case and seeking recognition as a "foreign main proceeding" and other relief in aid of the foreign proceeding pursuant to 11 U.S.C. § 1504 and 1515, by Giuseppe Mauro Rizzo in his capacity as petitioner and duly authorized foreign representative ("**Foreign Representative**" or "**Petitioner**") of Rizzo Bottiglieri-De Carlini Armatori S.p.A.'s ("**RBDA**"), application for *Concordato Preventivo* pursuant to Section 160 of R.D. 267/1942 Italian Insolvency Law, as amended (the "**Italian Proceeding**") pending before the Court of Torre Annunziata, and due and timely notice of the filing of the Chapter 15

having been given

Petition and the Hearing having been given pursuant to an Order of this Court, dated April XXX, 2015, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given, and the Court having considered and reviewed all pleadings and exhibits submitted by the Petitioner in support of the Chapter 15 petition (collectively the "Supporting Documents"); and no objection or other response having

2

been filed thereto that have not been overruled or withdrawn or otherwise resolved; and

all interested parties having had due and proper notice and an opportunity to be heard;

and the Court having heard argument by counsel appearing at the Hearing; and after due

deliberation and sufficient cause appearing therefore, the Court finds and concludes as

follows[1]:

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and

    1334, and 11 U.S.C. § 109 and 1501.

2.  Venue of this proceeding is proper in this judicial district pursuant to 28

    U.S.C. § 1410.

3.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(P).

4.  The Petitioner has demonstrated that:

    (a) The Company is subject to a pending foreign proceeding within the

        meaning of section 101(23) of the Bankruptcy Code:

    (b) The Company is subject to a pending foreign main proceeding within

        meaning of section 1502(4) of the Bankruptcy code;

    (c) The Petitioner is the foreign representative of the Company within the

        meaning of section 101(24) of the Bankruptcy Code;

    (d) The Chapter 15 case was properly commenced pursuant to sections

        1504 and 1515 of the Bankruptcy Code; and

---

[1] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute
this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil
Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions
of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of
fact, they are adopted as such.

(e) The Chapter 15 petition satisfied the requirements of section 1515 of the Bankruptcy Code.

5.  The relief granted hereby is necessary and appropriate and in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1521 of the Bankruptcy Code to avoid irreparable harm, and will not cause hardship to any parties in interest that is not outweighed by the benefits of granting that relief.

6.  The interest of the public will be served by this Court's granting the relief requested by the Petitioner.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the *Concordato Preventivo* Italian Proceeding commenced by RBDA under Section 160 of R.D. 267/1942 Italian Insolvency Law, as amended, pending before the Court of Torre Annunziata is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the Italian Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, the Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of RBDA as such term is defined in section 101(24) of the Bankruptcy Code, and the Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

ORDERED, that all relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is granted and, among other things:

4

i.   the protections of section 362 of the Bankruptcy Code apply with respect to RBDA and the property of RBDA in the territorial jurisdiction of the United States;

ii.  all persons and entities are enjoined from seizing, attaching arresting and/or enforcing or executing liens or judgments against the RBDA's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the RBDA's assets or agreements, rights services and operations in the United States without (a) an order from the Italian Court or this Court permitting such action or (b) the express written consent of the Foreign Representative; and

iii. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against RBDA or its assets located in the United States or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against RBDA or its assets or proceeds thereof without (a) an order from the Italian Court or this permitting such action or (b) the express written consent of the Foreign Representative; and it is further

ORDERED, that notwithstanding anything to the contrary in the immediately preceding paragraphs above, any party may move the Court for relief from the restrictions of such paragraph for good cause shown; and it is further

ORDERED, that the Foreign Representative is hereby established as the representative of RBDA with full authority to administer RBDA's assets and affairs in the United States; and it is further

ORDERED, that the banks and financial institutions with which RBDA maintains bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or post-petition obligations, are authorized and directed to continue to service and administer RBDA's bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition

5

date and drawn on RBDA's bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or RBDA, as the case may be; and it is further

ORDERED, that the Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, and it is further

ORDERED, that the Foreign Representative, RBDA and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Order shall be served upon all known creditors (or their counsel) of RBDA with addresses in the United States by electronic mail or by facsimile transmission, or in the event service by electronic mail or facsimile cannot be accomplished, then by either United States mail, first class postage prepaid or overnight delivery service, on or before ____April 20____ 2015; and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

ORDERED, that the Chapter 15 petition and the Supporting Documents shall be made available with the Court Clerk, also electronically to registered court filing system users and will be made available by the Petitioner upon request at the offices of Chalos & Co., P.C., 7210 Tickner Street, Houston, Texas 77055 (Attn: George M. Chalos, Esq); and it is further

ORDERED, that his Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 proceeding, and any

6

request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.


**Signed: April 13, 2015.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**